UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HORACE HILL, JR.,

                Plaintiff,

v.

JOSEPHINE C. TOWNSEND, *et al.*,

                Defendants.

Case No. C23-05878-RSL-SKV

ORDER TO SHOW CAUSE

Plaintiff Horace Hill Jr. is currently detained at the Clark County Jail in Vancouver, Washington. *See* Dkt. 1 at 1. He has submitted to the Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983, together with an application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkts. 1, 1-1. Plaintiff alleges in his complaint that Josephine Townsend, his former attorney, violated the Washington Rules of Professional Conduct ("RPCs") and failed to provide adequate representation, resulting in his excessive confinement. *See* Dkt. 1-1 at 4–6. Plaintiff further alleges that private investigator Michael Frank and police officer Kenneth Hess, two individuals assigned to the case, made false statements leading to his false arrest. *Id.* at 7.

ORDER TO SHOW CAUSE - 1

Plaintiff identifies Josephine Townsend, Michael Frank, and Kenneth Hess as Defendants in his complaint. *Id*. at 3. Plaintiff requests relief in the form of dismissal of the charges pending against him, release from confinement, and damages. *Id*. at 9.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review Plaintiff's complaint to determine if he has stated any cognizable claims for relief in his pleading.[1] The Court, having conducted the requisite screening, concludes that Plaintiff has not stated in his complaint any claim upon which relief may be granted.

The Court first observes that defendant Josephine Townsend is not a proper defendant in this action. The United States Supreme Court has made clear that neither private attorneys nor public defenders are considered state actors for purposes of suing under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Thus, Ms. Townsend is not subject to suit in this § 1983 action.

As to Plaintiff's claims against Michael Frank and Kenneth Hess regarding alleged false statements leading to his false arrest, the Court observes that these claims pertain to Plaintiff's ongoing criminal proceedings and are not properly before this Court at the present time. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas

---

[1] Section 1915A(a) provides that "[T]he court shall review . . . a complaint in a civil action in which a prisoner seeks governmental entity or officer or employee of a governmental entity." Section 1915A(b)(1) redress from a provides that "On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is . . . frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"

ORDER TO SHOW CAUSE - 2

corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).  *See also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).  Federal courts, however, do not invoke *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

Here, Plaintiff is a pretrial detainee subject to an ongoing state criminal proceeding, and such proceedings implicate important state interests.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–45.  Plaintiff alleges no facts demonstrating that he could not bring his claims in state court, and Plaintiff's requested relief, which includes dismissal of the pending charges, clearly seeks to enjoin the ongoing state court proceeding.  In addition, Plaintiff's pleading does not reveal any extraordinary circumstance that would make abstention inappropriate.  Thus, it appears that *Younger* abstention applies to Plaintiff's claims, and that Plaintiff has therefore failed to state a claim upon which relief may be granted.

Accordingly, the Court hereby ORDERS as follows:

ORDER TO SHOW CAUSE - 3

(1)  Plaintiff shall show cause not later than **thirty (30) days** from the date on which this Order is signed why the instant complaint and action should not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)  The Clerk shall send copies of this Order to Plaintiff and to the Honorable Robert S. Lasnik.

DATED this 29th day of November, 2023.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4