UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE HILL, JR.,

                Plaintiff,

v.

JOSEPHINE C. TOWNSEND, *et al.*,

                Defendants.

Case No. C23-5878-RSL-SKV

REPORT AND RECOMMENDATION

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Horace Hill is currently detained at the Clark County Jail in Vancouver, Washington, where he is awaiting trial on criminal charges filed against him in Clark County Superior Court. *See* Dkt. 5. Plaintiff submitted his proposed civil rights complaint to this Court for filing on September 28, 2023. *See* Dkt. 1. Plaintiff alleged therein that his former criminal defense attorney, Josephine Townsend, violated the Washington Rules of Professional Conduct ("RPCs") and failed to provide adequate representation, resulting in excessive confinement in relation to his ongoing criminal proceedings. *See id*. at 4-7. Plaintiff further alleged that private investigator Michael Frank and Vancouver Police Officer Kenneth Hess, two individuals involved in the investigation

REPORT AND RECOMMENDATION
PAGE - 1

of Plaintiff's case, made false statements leading to Plaintiff's false arrest and excessive confinement. *See id*. at 7-8.

Plaintiff identified Ms. Townsend, Mr. Frank, and Officer Hess as Defendants in his proposed complaint. Dkt. 5 at 3. He requested relief in the form of dismissal of the charges pending against him, release from confinement, and damages. *Id*. at 9.

After screening Plaintiff's proposed complaint in accordance with 28 U.S.C. § 1915A, this Court determined that Plaintiff had not presented therein any cognizable claim for relief. Thus, on November 29, 2023, this Court issued an Order directing Plaintiff to show cause why his complaint and this action should not be dismissed. Dkt. 6. In its Order to Show Cause, the Court first observed that Ms. Townsend was not a proper Defendant because neither private attorneys nor public defenders are considered state actors for purposes of suing under § 1983. *Id*. at 2 (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

With respect to Plaintiff's claims against Mr. Frank and Officer Hess regarding alleged false statements which purportedly led to his false arrest and excessive confinement, the Court observed that such claims pertained to Plaintiff's congoing state court criminal proceedings and therefore were not properly before this Court at the present time. Dkt. 6 at 2. The Court explained that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Id*. at 3 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Court went on to detail the requirements for federal court abstention under *Younger* and concluded that the requirements had been satisfied in this instance and that *Younger* abstention therefore appeared to apply in this case. *Id*.

REPORT AND RECOMMENDATION
PAGE - 2

1  Plaintiff was directed to file a response to the Order to Show Cause within thirty days.
2  Dkt. 6 at 4.  Plaintiff thereafter filed a series of documents in which he primarily details his
3  complaints about his ongoing state court proceedings.  *See* Dkts. 7-10.  None of Plaintiff's
4  submissions specifically addresses the issues raised by the Court in its Order to Show Cause.
5  *See id*.

6  It is beyond dispute that Ms. Townsend, Plaintiff's former defense counsel, is not a
7  proper Defendant in this § 1983 action.  In addition, nothing in Plaintiff's various submissions
8  reveals any extraordinary circumstance that would make abstention inappropriate in this matter.
9  *Younger* abstention therefore applies to Plaintiff's claims.[1]  Accordingly, this Court recommends
10 that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C.
11 § 1915A(b)(1), for failure to state a claim upon which relief can be granted.  A proposed Order
12 accompanies this Report and Recommendation.

13 Objections to this Report and Recommendation, if any, should be filed with the Clerk and
14 served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
15 and Recommendation is signed.  Failure to file objections within the specified time may affect
16 your right to appeal.  Objections should be noted for consideration on the District Judge's
17 motions calendar for the third Friday after they are filed.  Responses to objections may be filed
18 within **fourteen (14) days** after service of objections.  If no timely objections are filed, the
19 matter will be ready for consideration by the District Judge on **February 23, 2024**.

---

[1] In a submission received for filing on December 18, 2023, Plaintiff appears to acknowledge the Court's Order to Show Cause and to suggest that the deficiencies in his criminal proceedings are sufficient to preclude dismissal of this action.  *See* Dkt. 8.  However, the deficiencies identified by Plaintiff are not sufficient to demonstrate that *Younger* abstention should not apply in this case.

REPORT AND RECOMMENDATION
PAGE - 3

DATED this 1st day of February, 2024.

S. KATE VAUGHAN  
United States Magistrate Judge

REPORT AND RECOMMENDATION  
PAGE - 4